# United States District Court
# Central District of California

JS-3

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**  LA CR13-00027 JAK |
| **Defendant**  Jonathan Bladmir Garcia | **Social Security No.**  N O N E |
| akas: Jonathan Ramos Garcia; Flaco | (Last 4 digits) |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this

| MONTH | DAY | YEAR |
|---|---|---|
| 06 | 20 | 2013 |

**COUNSEL**       Alyssa Bell, Appointed
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the Court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
Trafficking in Counterfeit Goods pursuant to 18 U.S.C. Section 2320 as charged in Count One of the Information.

**JUDGMENT AND PROB/ COMM ORDER**   The Court and counsel confer. Defense counsel presents argument and Government counsel submits on the papers. Defendant does not address the Court. The Court places findings on the record and proceeds with sentencing. The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant, Jonathan Bladmir Garcia, is hereby committed on Count One of the Information to the custody of the Bureau of Prisons for a term of **SIX (6) MONTHS**, with the time to commence from the date the Defendant was incarcerated with respect to this matter. If it is concluded that the Defendant has served the six month term of incarceration, Defendant shall remain in custody until his immigration status is determined.

Upon release from imprisonment, the Defendant shall be placed on supervised release for a term of One (1) Year under the following terms and conditions:

1. The Defendant shall comply with the rules and regulations of the United States Probation Office and General Order 05-02.

2. The Defendant shall not commit any violation of local, state, or federal law or ordinance.

3. The Defendant shall refrain from any unlawful use of a controlled substance. The Defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

4. During the period of community supervision, the Defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

5. The Defendant shall apply monies received from income tax refunds, lottery winnings, inheritance, judgments, and any anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation.

6. The Defendant shall comply with the immigration rules and regulations of the United States, and if deported from this country, either voluntarily or involuntarily, not reenter the United States illegally. The Defendant is not required to report to the Probation Office while residing outside of the United States; however, within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the Defendant shall report for instructions to the United States Probation Office presently located at the United States Court House, 312 North Spring Street, Room 600, Los Angeles, California 90012.

7. The Defendant shall cooperate in the collection of a DNA sample from the Defendant.

| USA vs. | JONATHAN BLADMIR GARCIA | Docket No.: | LA CR13-00027 JAK |
|---|---|---|---|

It is ordered that the Defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Defendant shall pay restitution in the total amount of $30,000.00 pursuant to 18 U.S.C. § 3663 to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly installments of at least $50 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the Defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

If the Defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in the judgment.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the Defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The Defendant shall comply with General Order No. 01-05.

All fines are waived as it is found that the Defendant does not have the ability to pay a fine in addition to restitution.

The Court grants the Government's request to dismiss the underlying Complaint and any remaining counts.

The Defendant is advised of his right to appeal.

**IT IS SO ORDERED.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| June 24, 2013 | |
|---|---|
| Date | JOHN A. KRONSTADT, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| June 24, 2013 | By | /s/ |
|---|---|---|
| Filed Date | | Andrea Keifer, Deputy Clerk |

| USA vs. | JONATHAN BLADMIR GARCIA | Docket No.: | LA CR13-00027 JAK |
|---|---|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;

16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| | |
|---|---|
| USA vs. JONATHAN BLADMIR GARCIA | Docket No.: LA CR13-00027 JAK |

☐ The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;

    2. Restitution, in this sequence:

    Private victims (individual and corporate),

    Providers of compensation to private victims,

    The United States as victim;

    3. Fine;

    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and

    5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

| USA vs. | JONATHAN BLADMIR GARCIA | Docket No.: | LA CR13-00027 JAK |
|---|---|---|---|

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____

at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____    By _____
Date                       Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____    By _____
Filed Date                 Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
        Defendant                              Date

         _____         _____
         U. S. Probation Officer/Designated Witness   Date